IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN A. FILIPPELLO,<br>    Plaintiff,<br><br>    v.<br><br>TRANSAMERICA PREMIER LIFE<br>INSURANCE COMPANY, MATT<br>BRICKNER, ANDREW PAUL AND<br>THOMAS GALLO,<br>    Defendants. | CIVIL ACTION<br><br><br><br>NO. 17-5743 |

**MEMORANDUM OPINION**

Plaintiff Maryann A. Filippello sues Defendants Transamerica Premier Life Insurance Company ("Transamerica"), Matt Brickner, Andrew Paul, and Thomas Gallo for alleged failure to pay proceeds under two insurance policies. At issue here is whether Plaintiff fraudulently joined non-diverse Defendants to evade federal jurisdiction and whether Plaintiff has stated a claim for relief against Transamerica for violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Plaintiff has moved to remand to state court for lack of subject matter jurisdiction, and Defendants have moved to dismiss Plaintiff's UTPCPL claim under Rule 12(b)(6). For the reasons that follow, Plaintiff's motion for remand shall be denied and Defendants' motion to dismiss shall be granted.

  **I.  BACKGROUND**

This dispute centers around the purported incomplete payment of two life insurance policies issued to Plaintiff's late husband, Frank C. Filippello. Mr. Filippello passed away in June 2017 and, at the time of his death, maintained two separate life insurance policies with Transamerica. Plaintiff avers that Defendants Matt Brickner, Andrew Paul, and Thomas Gallo,

as Transamerica employees, "assured Plaintiff that [the two insurance policies] were in full force and effect and had been in full force and effect at the time of Mr. Filippello's death."

Upon Mr. Filippello's death and pursuant to the first life insurance policy, Transamerica issued a check to Plaintiff, made payments to a funeral home, and withheld money for outstanding debt. However, according to Plaintiff, Transamerica did not make full payment and owed Plaintiff almost $20,000. As to the second life insurance policy, Plaintiff claims that Transamerica continues to owe her an additional $50,000. Despite Plaintiff's repeated attempts to recover these amounts from Transamerica, Plaintiff has been unsuccessful.

As a result, Plaintiff sued Defendants in the Court of Common Pleas in Philadelphia County for three claims: Breach of Contract (Count I), violations of UTPCPL, 73 P.S.§ 201-1 *et seq.* (Count II), and Bad Faith (Count III). Defendants Transamerica, Paul, and Gallo then removed the case to Eastern District of Pennsylvania on diversity grounds, claiming that Plaintiff fraudulently joined Brickner, Paul, and Gallo (the "non-diverse Defendants") to avoid federal jurisdiction.[1] Defendants also moved to dismiss all claims against Paul and Gallo, and only the UTPCPL claim against Transamerica. Plaintiff filed a motion for remand to state court, contending that joinder was proper and that this Court lacked jurisdiction to hear the dispute.

## II. LEGAL STANDARD

"A district court must consider a number of settled precepts in ruling on a petition to remand a case to state court for lack of diversity jurisdiction." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). A removing party bears a "heavy burden of persuasion" because removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* at 851 (internal quotation marks omitted). In evaluating whether joinder is fraudulent in the context of a motion for remand, "the district court must focus on the plaintiff's

---
[1] To date, no attorney has appeared on behalf of Brickner.

complaint at the time the petition for removal was filed." *Id*. "[T]he district court must assume as true all factual allegations of the complaint." *Id*. at 852. Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Id.* at 851. However, the mere failure to state a claim under Rule 12(b)(6) against a non-diverse defendant is insufficient to find fraudulent joinder. *See id.* at 852.

By contrast, a motion to dismiss under Rule 12(b)(6) involves a more searching inquiry than a motion for remand. *Id*. ("[I]t is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted."). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint may not contain just "labels and conclusions," for "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In determining the adequacy of a complaint, a court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

### III. DISCUSSION

#### A. Motion for Remand – Fraudulent Joinder

Plaintiff contends that this Court lacks subject matter jurisdiction over the dispute because three of the Defendants, Buckner, Paul, and Gallo, are non-diverse. Plaintiff is a resident of Pennsylvania, and all three non-diverse Defendants are allegedly residents of Pennsylvania. However, diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete

3

diversity among the parties.  *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).  In response, Defendants argue that Plaintiff fraudulently joined the three non-diverse Defendants to dodge federal jurisdiction.  As Plaintiff challenges this Court's subject matter jurisdiction over the dispute, her motion for remand shall be addressed first before proceeding to Defendants' motion to dismiss.

The doctrine of fraudulent joinder "is an exception to the requirement that removal be predicated solely upon complete diversity."  *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006).  If joinder is found to be fraudulent, "the court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."  *Id*. at 216 (internal quotation marks omitted).  However, if there is a possibility that a state court could find that the complaint states a cause of action against any one of the non-diverse Defendants, remand is necessary.  *Batoff*, 977 F.2d at 851.  Further, uncertainties about the "current state of controlling substantive law" must be resolved in favor of Plaintiff.  *Id.* at 852.

Keeping in mind Defendants' heavy burden of persuasion that this Court has subject matter jurisdiction over the dispute, *Batoff*, 977 F.2d at 851, the Court finds that there is no reasonable basis in fact or colorable ground supporting Plaintiff's claims against the non-diverse Defendants.  *See Briscoe*, 448 F.3d at 216.  The gravamen of Plaintiff's allegations against the non-diverse Defendants is that they assured her that Transamerica would pay a certain amount under two life insurance policies; that she never received the promised amount; and, that the non-diverse Defendants are liable for breach of contract, violation of UTPCPL, and bad faith.  All three claims against the non-diverse Defendants are "wholly insubstantial and frivolous," *Batoff*, 977 F.2d at 852, as will be explained in turn.

4

First, a breach of contract claim in Pennsylvania requires "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (internal quotation marks omitted). Plaintiff has only pleaded a contract – an insurance policy – with Transamerica. She has not done so against the non-diverse Defendants.

Second, the UTPCPL prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. § 201-3. A UTPCPL claim requires: (1) deceptive conduct; (2) ascertainable loss; (3) justifiable reliance on the defendant's wrongful conduct or misrepresentations; and (4) reliance that causes the injury. *Edwards v. Monumental Life Ins. Co.*, 2017 WL 6327573, at *3 (E.D. Pa. Dec. 11, 2017). There is no possibility that "a state court would find that the complaint states a cause of action" for a UTPCPL violation against the non-diverse Defendants here. *Batoff*, 977 F.2d at 851. The Complaint is devoid of allegations of the non-diverse Defendants' deceptive conduct and Plaintiff's justifiable reliance. Instead, the Complaint only provides vague statements such as the non-diverse Defendants' failure to "objectively evaluate Plaintiff's claim" and "to adopt reasonable standards in evaluating Plaintiff's claim." Nor has Plaintiff pleaded how she relied on any type of alleged wrongful conduct or misrepresentation. In short, there is no basis in fact supporting her UTPCPL claims against the non-diverse Defendants.

Third, Pennsylvania's bad faith statute "only applies to insurance companies that have assumed the liability of others by the issuance of an insurance policy." *Se. Pa. Transp. Auth. v. Holmes*, 835 A.2d 851, 854-59 (Pa. Cmwlth. 2003) (granting defendant's motion for judgment on the pleadings because it was not an "insurer"); *see also* 42 Pa. C.S.A. § 8371 ("In an action arising under an insurance policy, if the court finds that the **insurer** has acted in bad faith toward

the insured, the court may take all of the following actions . . .") (emphasis added). As alleged in the Complaint, the non-diverse Defendants are not insurers within the meaning of Pennsylvania's bad faith statute. *See Se. Pa. Transp. Auth.*, 835 A.2d at 857; *see also Lindsey v. Chase Home Finance L.L.C.*, 2006 WL 2524227, at *4 (M.D. Pa. Aug. 30 2006) (concluding that Chase Bank was not an "insurer" because plaintiff did not allege, *inter alia*, that it agreed to assume risks or that it issued insurance policy to plaintiff). Accordingly, Plaintiff lacks a colorable ground supporting her bad faith claim against the non-diverse Defendants.

As all three claims against the non-diverse Defendants are "wholly insubstantial," the non-diverse Defendants were fraudulently joined in this action. *See Batoff*, 977 F.2d at 852. The Court therefore has subject matter jurisdiction over this action, and Plaintiff's motion for remand shall thus be denied. In addition, because the non-diverse Defendants were fraudulently joined, the three claims against them shall be dismissed without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1).[2] *See Hogan v. Raymond Corp.*, 536 Fed. App'x 207, 211 (3d Cir. 2013). The Court retains jurisdiction over this action based on diversity of citizenship and proceeds to evaluate Defendant Transamerica's motion to dismiss under Rule 12(b)(6).[3]

---

[2] Although Brickner himself has not moved to be dismissed from this case, the action against him shall be dismissed sua sponte. *See* Fed. R. Civ. P. 12(h)(3).

[3] Diversity jurisdiction requires an amount in controversy over $75,000. 28 U.S.C. § 1332(a). "A reasonable reading of the value of the rights being litigated," based on this Court's "independent appraisal of the value of the claim," shows that the amount in controversy exceeds $75,000. *See Angus v. Shiley Inc.*, 989 F.2d 142, 145-46 (3d Cir. 1993). The Complaint alleges that Plaintiff is owed $69,720.35 under the two life insurance policies. For her bad faith claim, Plaintiff "demands judgment against [Transamerica] in an amount in excess of $50,000.00, plus compensatory, plus punitive damages, interests, costs of suit, attorneys' fees and any exclusive [sic] of costs and interest as well as such damages allowed by [the bad faith statute]." The bad faith statute authorizes punitive damages against an insurer, as well as court costs and attorney fees. 42 Pa. C.S.A. § 8371. The Court reads Plaintiff's bad faith claim as seeking $50,000 *in addition* to the $69,720.35, which brings the amount in controversy over $75,000.

### B. Motion to Dismiss under Rule 12(b)(6)

Because all claims against the non-diverse Defendants have been dismissed under Rule 12(b)(1), the Court need not address whether they should be dismissed under Rule 12(b)(6). As to the remaining Defendant, Transamerica, it has only moved to dismiss Plaintiff's UTPCPL claim under Rule 12(b)(6), and not the breach of contract or bad faith claims. The remaining question therefore is whether Plaintiff has stated a claim for relief against Transamerica for violation of the UTPCPL.

As a matter of law, an insured may not bring a UTPCPL claim based on an insurer's failure to pay a claim. *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 307 (3d Cir. 1995) ("[A]n insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable."); *Nordi v. Keystone Health Plan W. Inc.*, 989 A.2d 376, 385 (Pa. Super. 2010) (citing *Gordon v. Pa. Blue Shield*, 548 A.2d 600, 604 (Pa. Super. 1988)). Stripped of its legal conclusions, the Complaint essentially alleges that Defendant Transamerica did not pay Plaintiff an amount promised under the two life insurance policies. As this allegation cannot support a UTPCPL claim, Defendant Transamerica's motion to dismiss shall be granted. However, Plaintiff will be given leave to amend to plead the requisite malfeasance, if any, for her UTPCPL claim. *See Horowitz*, 57 F.3d at 307 ("In Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL]. . .").

An appropriate order follows.

                                                        **BY THE COURT:**

                                                        **/S/WENDY BEETLESTONE, J.**

**Date: 1/16/18**                                     **WENDY BEETLESTONE, J.**